FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSCHUSETTS

04 11243 WGY    2004 JUN -7 P 12: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| STEPHANIE SIMMONS,<br>    Plaintiff, | )<br>)<br>) |
| vs. | )<br>)  CIVIL ACTION NO. |
| CAROLINA SKIFF, INC.<br>    Defendant. | )<br>)<br>)  MAGISTRATE JUDGE _____ |

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ✓
WAIVER FORM _____
MCF ISSUED ✓
BY DPTY. CLK. ____
DATE 6/7/04

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

TO:   Chief Judge and Judges of the
      United States District Court
      For the District of Massachusetts

The defendant, Boat Partners, Inc., formerly known as Carolina Skiff, Inc. ("Boat Partners"), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 in connection with the above-captioned action. As grounds for its Notice of Removal, Boat Partners states as follows:

1.   This action was commenced in the Suffolk Superior Court and is now pending before that court.

2.   As appears from the docket, files, and records of the Suffolk Superior Court, a civil action was commenced on or about May 17, 2004. Undersigned counsel received notice of the complaint on or about May 26, 2004 and agreed to accept service on behalf of Boat Partners on June 7, 2004. The original summons and complaint were not served on Boat Partners. A copy of said complaint is attached hereto as Exhibit A.

3. This civil action arises out of personal injuries allegedly sustained by the plaintiff, Stephanie Simmons ("the plaintiff"), on or about September 2, 2001. Specifically, the plaintiff alleges while she was seated on a Carolina Skiff bench seat upon a Carolina Skiff boat in waters off the coast of Massachusetts, the boat seat cracked and she sustained herniated discs as a result due to alleged problems with the bench seat on the Carolina Skiff. As a result of her alleged injuries, the plaintiff was required to undergo surgery for herniated discs in her back. While the plaintiff's medical expenses, to date, approximate $36,000, the plaintiff alleges unspecified anticipated lost wages and other damages, including ongoing pain and suffering.

4. The plaintiff states in her complaint that she is a resident of New Bedford, Massachusetts.

5. Boat Partners is a Georgia Corporation with a principal place of business in Florida.

6. Jurisdiction of the Federal Court is founded on the complete diversity of citizenship between the plaintiff and the defendant. Given the plaintiff's allegations, Boat Partners believes that the amount in controversy exceeds $75,000 exclusive of interests and costs.

7. This Notice of Removal is filed within thirty (30) days of receipt of the complaint in this action by Boat Partners.

WHEREFORE, Boat Partners requests that this action be removed from the Suffolk Superior Court to the United States District Court for the District of Massachusetts.

> BOAT PARTNERS, INC.
> By its attorneys,
> CAMPBELL CAMPBELL EDWARDS & CONROY,
> PROFESSIONAL CORPORATION,
>
> */s/ Kathleen M. Guilfoyle*
> James M. Campbell (BBO# 541882)
> Kathleen M. Guilfoyle (BBO# 546512)
> One Constitution Plaza
> Boston, MA 02129
> (617) 241-3000

DATED: June 7, 2004

## CERTIFICATE OF SERVICE

I certify that on June 7, 2004, a true copy of the above document was sent by first class mail, postage prepaid to the following counsel of record:

> David S. Smith, Esquire
> Cianciulli & Ouellette, PC
> 163 Cabot Street
> Beverly, MA 01915

*/s/ Kathleen M. Guilfoyle*
Kathleen M. Guilfoyle

3



# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                                  SUPERIOR COURT

STEPHANIE SIMMONS, )
     Plaintiff, )
      )           CIVIL ACTION
v. )           NO.:
      )
      )           04-2133 C
CAROLINA SKIFF, INC., )
     Defendant. )

## COMPLAINT

**RECEIVED MAY 17 2004 SUPERIOR COURT - CIVIL MICHAEL JOSEPH DONOVAN CLERK / MAGISTRATE**

### INTRODUCTION

1. The Plaintiff, Stephanie Simmons is an individual residing at 89 Mt. Pleasant Street, New Bedford, MA 02745.

2. The Defendant, Carolina Skiff, Inc.. is a business duly organized under the laws of the State of Georgia and transacts business within the Commonwealth of Massachusetts, and at all times relevant hereto designed, manufactured a bench seat to be installed in skiffs the defendant manufactured.

3. This court has jurisdiction over the parties and the subject matter pursuant to its original and statutory powers.

4. On or about September 2, 2001, while the Plaintiff was lawfully on board and seated on a Carolina Skiff sitting on the bench seat in navigable waters off the coast of Massachusetts.

5. While seated on the bench seat of the Carolina Skiff, the boat seat cracked in half sending the Plaintiff to the deck of the Carolina Skiff where she sustained severe personal injuries.

6. Defendant sold the boat seat to Eagle Marine, Inc. in Sagamore Beach, Massachusetts.

7. Eagle Marine, Inc. sold the boat seat to Edward Silvia which he installed onto his Carolina Skiff that that he purchased from Eagle Marine, Inc.

8. Said product was installed without substantial changes in the condition in which it was sold.

9. The Defendant expected the seat sold by them to reach consumers or users in the condition in which it was sold.

10. At the time, the Plaintiff was using the seat for its intended use and was unaware of any defect or any damage to the seat prior to its use.

## COUNT I

11. The Plaintiffs reavers and realleges the previous paragraphs as if fully set forth herein.

12. The Defendant expressly and impliedly warranted that the bench seat was fit for people to sit on, the purpose for which it was designed, that it was a safe and suitable instrument to be used in a boat and that the seat was fit and suitable for the use by the Plaintiff.

13. Said warranty was breached because the product was defective and not fit for its intended purpose. The Plaintiff relied on Defendant's skill and judgment and the implied warranty of fitness for the purpose for which the bench seat was to be used.

14. The bench seat was not fit for its intended purpose, as a result of the defendant's breach of warranty of fitness of the bench seat.

15. As a direct and proximate result thereof, the Plaintiff Stephanie Simmons was caused to suffer severe and painful personal injury when a the boat seat broke causing Ms. Simmons to crash to the deck of the skiff. The Plaintiff was caused to incur significant expense for the medical treatment and care.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for all damages allowable at law together with interest, attorney's fees and costs.

## COUNT II

16. The Plaintiff reavers and realleges the previous paragraphs as if fully set forth herein.

17. When the Plaintiff sustained her injuries, the seat was in a defective condition unreasonably dangerous to a user or consumer in that the condition was not observable by Plaintiff who lacked knowledge and skill to examine the seat, relied on the duty of the Defendant to deliver a seat at the time of sale in a condition fit for use for the purpose intended.

18. The breach of that duty by the Defendant and the defective condition were the direct and proximate cause of the plaintiff' injuries.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for all damages allowable at law together with interest, attorney's fees and costs.

## COUNT III

19. The Plaintiffs reavers and realleges the previous paragraphs as if fully set forth herein.

20. The Defendant represented to the Plaintiff that the boat seat was safe and fit for its intended purpose.

21. The Plaintiff relied on the material representations made by the Defendant to their detriment by purchasing the defective product from the Defendant.

22. As a direct and proximate result thereof, the Plaintiff Stephanie Simmons was caused to suffer severe and painful personal injury when the product broke causing Ms. Simmons to crash to the deck of the skiff. The Plaintiff was caused to incur significant expense for the medical treatment and care.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for all damages allowable at law together with interest, attorney's fees and costs.

## COUNT IV

23. The Plaintiff reavers and realleges the previous paragraphs as if fully set forth herein.

24. At all times relevant hereto, the Defendant was engaged in the design, development, testing, manufacture, assembly, inspection, maintenance, sale and distribution of the product and similar products.

25. The Defendant was negligent and careless as follows:

   a. failing to adequately and properly design the product;
   b. failing to adequately and properly manufacture the product; and
   c. failing to warn of the design and manufacture defects and hazards associated with the use of the product.
   d. manufacturing a product that was unreasonably suited for the intended purpose; and
   e. other ways that will be demonstrated at the time of trial.

26. As a direct and proximate result thereof, the Plaintiff was caused to suffer severe and painful personal injury when the product broke causing Ms. Simmons to crash to the deck of the skiff. The Plaintiff was caused to incur significant expense for the medical treatment and care.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for all damages allowable at law together with interest, attorney's fees and costs.

## COUNT V

27. The Plaintiff reavers and realleges the previous paragraphs as if fully set forth herein.

28. The Defendant is strictly liable under admiralty law for the sale of the product in a defective condition that is unreasonably dangerous to the Plaintiff and is thus liable for the physical harm thereby caused to the plaintiff.

29. As a direct and proximate result thereof, the Plaintiff Stephanie Simmons was caused to suffer severe and painful personal injury when a the product broke causing Ms. Simmons to crash to the deck of the skiff. The Plaintiff was caused to incur significant expense for the medical treatment and care.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for all damages allowable at law, including multiple damages, together with interest, attorney's fees and costs.

## COUNT VI

30. The Plaintiff reavers and realleges the previous paragraphs as if fully set forth herein.

31. The Defendant's misrepresentation, breach of contract, breach of warranty, marketing, distribution and sale of the defective product constitutes an unfair and deceptive trade practices in violation of M.G.L. c.93A.

32. On January 22, 2004, a thirty (30) day demand letter was sent to the Defendant. Over thirty days have passed and the Defendant has not tendered a reasonable offer of settlement.

33. As a direct and proximate result thereof, the minor Plaintiff was caused to suffer severe and painful personal injury when the product broke causing Ms. Simmons to crash to the deck of the skiff. The Plaintiff was caused to incur significant expense for the medical treatment and care.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for all damages allowable at law, including treble damages, together with interest, attorney's fees and costs.

**THE PLAINTIFFS DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Dated: May 17, 2004

Stephanie Simmons
By her Attorney,

David S. Smith, Esquire
BBO 634865
CIANCIULLI & OUELLETTE
163 Cabot Street
Beverly, MA 01915
Tel: (978) 922-9933
Fax: (978) 922-6142

| CIVIL ACTION COVER SHEET | 04-2133 C | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Stephanie Simmons | Caroline Skiff, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE David Smith<br>Dranetti & Ouellette<br>163 Cabot St. Beverly MA 01915<br>Board of Bar Overseers number: 634565  978-922-9933 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Product Liability | (A) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................... $4,002.00
2. Total Doctor expenses ............................................ $1,860.00
3. Total chiropractic expenses ...................................... $00.00
4. Total physical therapy expenses .................................. $213.00
5. Total other expenses (describe) .................................. $243.00
   Subtotal $
B. Documented lost wages and compensation to date .................. $
C. Documented property damages to date ............................. $ 0
D. Reasonably anticipated future medical and hospital expenses ..... $ 0
E. Reasonably anticipated lost wages ............................... $ uncertain
F. Other documented items of damages (describe) .................... $ uncertain

$

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
herniated discs significant scar tissue and further herniation after surgery.

$
TOTAL $ 6,318.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ N/A

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 5/14/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -7 P 12: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

1. Title of case (name of first party on each side only) __Stephanie Simmons v. Carolina Skiff, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ☒  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.    150, 152, 153.

   04 11243 WGY

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Kathleen M. Guilfoyle, Esq.__
ADDRESS __Campbell Campbell Edwards & Conroy PC__
__One Constitution Plaza, Boston, MA 02129__
TELEPHONE NO. __617-241-3000__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Stephanie Simmons

### DEFENDANTS
Boat Partners, Inc. f/k/a Carolina Skiff, Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David S. Smith, Esq.
Cianciulli & Ouellette, PC
163 Cabot Street, Beverly, MA 01915
(978-922-9933)

Attorneys (If Known)
James M. Campbell, Esq.
Kathleen M. Guilfoyle, Esq.
Campbell Campbell Edwards & Conroy, PC
One Constitution Plaza, Boston, MA 02129
(617-241-3000)

Clerk's Office stamp: 2004 JUN -7 P 12:18 U.S. DISTRICT COURT DISTRICT OF MASS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [x] 365 Personal Injury — Product Liability | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | PERSONAL PROPERTY / [ ] 370 Other Fraud | LABOR | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | [ ] 385 Property Damage Product Liability | SOCIAL SECURITY | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | PRISONER PETITIONS | [ ] 861 HIA (1395ff) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 862 Black Lung (923) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | Habeas Corpus: | [ ] 863 DIWC/DIWW (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 530 General | [ ] 864 SSID Title XVI | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 535 Death Penalty | [ ] 865 RSI (405(g)) | |
| [ ] 290 All Other Real Property | | [ ] 540 Mandamus & Other | FEDERAL TAX SUITS | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 890 Other Statutory Actions |
| | | [ ] 555 Prison Condition | [ ] 871 IRS—Third Party 26 USC 7609 | |

Labor cont: [ ] 720 Labor/Mgmt. Relations / [ ] 730 Labor/Mgmt.Reporting & Disclosure Act / [ ] 740 Railway Labor Act / [ ] 790 Other Labor Litigation / [ ] 791 Empl. Ret. Inc. Security Act

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff alleges personal injuries as a result of defendant's alleged negligent product. There is complete diversity of the parties pursuant to 28 U.S.C. 1332.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 6/7/04
SIGNATURE OF ATTORNEY OF RECORD: Kathleen M. Guilfoyle

FOR OFFICE USE ONLY
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____