UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHANIE SIMMONS,        ) | |
|     Plaintiff,         ) | |
|                        ) | CIVIL ACTION |
| v.                        ) | NO.: 04-CV-11243-WGY |
|                        ) | |
| BOAT PARTNERS, INC.       ) | |
|     Defendant.        ) | |

## AMENDED COMPLAINT AND JURY TRIAL DEMAND
### INTRODUCTION

1.     The Plaintiff, Stephanie Simmons is an individual residing at 789 Mt. Pleasant Street New Bedford, MA 02745.

2.     The Defendant, Boat Partners, Inc. formerly known as Carolina Skiff, Inc. is a business duly organized under the laws of the State of Georgia with a principal place of business located in the State of Florida and transacts business within the Commonwealth of Massachusetts, and at all times relevant hereto designed, manufactured a bench seat to be installed in Carolina Skiffs the defendant manufactured.

3.     This court has jurisdiction over the parties and the subject matter pursuant to its original and statutory powers.

4.     On or about September 2, 2001, while the Plaintiff was lawfully on board and seated on a Carolina Skiff sitting on the bench seat in navigable waters off the coast of Massachusetts.

5.     While seated on the bench seat of the Carolina Skiff, the boat seat cracked in half sending the Plaintiff to the deck of the Carolina Skiff where she sustained severe personal injuries.

6.     Defendant sold the boat seat to Eagle Marine, Inc. in Sagamore Beach, Massachusetts.

7.     Eagle Marine, Inc. sold the boat seat to Edward Silvia which he installed onto his Carolina Skiff that that he purchased from Eagle Marine, Inc.

8.     Said product was installed without substantial changes in the condition in which it was sold.

9.     The Defendant expected the seat sold by them to reach consumers or users in the condition in which it was sold.

10.    At the time, the Plaintiff was using the seat for its intended use and was unaware of any defect or any damage to the seat prior to its use.

## COUNT I

11.     The Plaintiffs reavers and realleges the previous paragraphs as if fully set forth herein.

12.     The Defendant expressly and impliedly warranted that the bench seat was fit for people to sit on, the purpose for which it was designed, that it was a safe and suitable instrument to be used in a boat and that the seat was fit and suitable for the use by the Plaintiff.

13.     Said warranty was breached because the product was defective and not fit for its intended purpose. The Plaintiff relied on Defendant's skill and judgment and the implied warranty of fitness for the purpose for which the bench seat was to be used.

14.     The bench seat was not fit for its intended purpose, as a result of the defendant's breach of warranty of fitness of the bench seat.

15.     As a direct and proximate result thereof, the Plaintiff Stephanie Simmons was caused to suffer severe and painful personal injury when a the boat seat broke causing Ms. Simmons to crash to the deck of the skiff.  The Plaintiff was caused to incur significant expense for the medical treatment and care.

   **WHEREFORE**, Plaintiffs demand judgment against the Defendant for all damages allowable at law together with interest, attorney's fees and costs.

## COUNT II

16.     The Plaintiff reavers and realleges the previous paragraphs as if fully set forth herein.

17.     When the Plaintiff sustained her injuries, the seat was in a defective condition unreasonably dangerous to a user or consumer in that the condition was not observable by Plaintiff who lacked knowledge and skill to examine the seat, relied on the duty of the Defendant to deliver a seat at the time of sale in a condition fit for use for the purpose intended.

18.     The breach of that duty by the Defendant and the defective condition were the direct and proximate cause of the plaintiff' injuries.

   **WHEREFORE**, Plaintiffs demand judgment against the Defendant for all damages allowable at law together with interest, attorney's fees and costs.


## COUNT III

19.     The Plaintiffs reavers and realleges the previous paragraphs as if fully set forth herein.

20.     The Defendant represented to the Plaintiff that the boat seat was safe and fit for its intended purpose.

21.     The Plaintiff relied on the material representations made by the Defendant to their detriment by purchasing the defective product from the Defendant.

22.     As a direct and proximate result thereof, the Plaintiff Stephanie Simmons was caused to suffer severe and painful personal injury when the product broke causing Ms. Simmons to crash to the deck of the skiff.  The Plaintiff was caused to incur significant expense for the medical treatment and care.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for all damages allowable at law together with interest, attorney's fees and costs.

## COUNT IV

23.     The Plaintiff reavers and realleges the previous paragraphs as if fully set forth herein.

24.     At all times relevant hereto, the Defendant was engaged in the design, development, testing, manufacture, assembly, inspection, maintenance, sale and distribution of the product and similar products.

25.     The Defendant was negligent and careless as follows:

   a.   failing to adequately and properly design the product;
   b.   failing to adequately and properly manufacture the product; and
   c.   failing to warn of the design and manufacture defects and hazards associated with the use of the product.
   d.   manufacturing a product that was unreasonably suited for the intended purpose; and
   e.   other ways that will be demonstrated at the time of trial.

26.     As a direct and proximate result thereof, the Plaintiff was caused to suffer severe and painful personal injury when the product broke causing Ms. Simmons to crash to the deck of the skiff.  The Plaintiff was caused to incur significant expense for the medical treatment and care.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for all damages allowable at law together with interest, attorney's fees and costs.

## COUNT V

27.     The Plaintiff reavers and realleges the previous paragraphs as if fully set forth herein.

28.     The Defendant is strictly liable under admiralty law for the sale of the product in a defective condition that is unreasonably dangerous to the Plaintiff and is thus liable for the physical harm thereby caused to the plaintiff.

29.     As a direct and proximate result thereof, the Plaintiff Stephanie Simmons was caused to suffer severe and painful personal injury when a the product broke causing Ms. Simmons to crash to the deck of the skiff.  The Plaintiff was caused to incur significant expense for the medical treatment and care.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for all damages allowable at law, including multiple damages, together with interest, attorney's fees and costs.

### COUNT VI

30.     The Plaintiff reavers and realleges the previous paragraphs as if fully set forth herein.

31.     The Defendant's misrepresentation, breach of contract, breach of warranty, marketing, distribution and sale of the defective product constitutes an unfair and deceptive trade practices in violation of M.G.L. c.93A.

32.     On January 22, 2004, a thirty (30) day demand letter was sent to the Defendant.  Over thirty days have passed and the Defendant has not tendered a reasonable offer of settlement.

33.     As a direct and proximate result thereof, the minor Plaintiff was caused to suffer severe and painful personal injury when the product broke causing Ms. Simmons to crash to the deck of the skiff.  The Plaintiff was caused to incur significant expense for the medical treatment and care.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for all damages allowable at law, including treble damages, together with interest, attorney's fees and costs.

**THE PLAINTIFFS DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Stephanie Simmons
By her attorneys

_____/s/ David S. Smith_____
Stephen M. Ouellette, Esquire
BBO No.: 543752
David S. Smith, Esquire
BBO No.: 634865
Cianciulli and Ouellette
163 Cabot Street
Beverly, MA 01915
Tel: (978) 922-9933

CERTIFICATE OF SERVICE

I, David S. Smith, attorney for the plaintiff herein, hereby certify that I electronically filed the above Amended Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing

to the following: James M. Campbell, Esq. and Kathleen M. Guilfoyle, Esq. attorneys for the Defendant this 9th day of June, 2004.

                                                                      /s/ David S. Smith
                                                             David S. Smith, Esq.