UNITED STATES DISTRICT COURT
DISTRICT OF MASSCHUSETTS

|  |  |
|---|---|
| STEPHANIE SIMMONS,<br>    Plaintiff,<br><br>vs.<br><br>BOAT PARTNERS, INC.<br>    Defendant. | CIVIL ACTION NO.<br>04-CV-11243-WGY |

**DEFENDANT BOAT PARTNERS, INC.'S ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT**

Boat Partners, Inc. ("Boat Partners") responds as follows to the Amended Complaint of plaintiff Stephanie Simmons (the "plaintiff"):

## INTRODUCTION

1. Boat Partners is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 1 of the Amended Complaint.

2. Boat Partners admits that it was formerly known as Carolina Skiff, Inc. and that it is a Georgia corporation. Boat Partners further admits that in 2001 it designed and manufactured boats, including seats for its boats and it denies the remaining averments contained in Paragraph 2 of the Amended Complaint.

3. Boat Partners states that the averments contained in Paragraph 3 of the Amended Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Boat Partners denies the same.

4-8.   Boat Partners is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraphs 4 through 8 of the Amended Complaint.

9.   Boat Partners, formerly known as Carolina Skiff, Inc., admits that it expected any boat seat it sold to reach the purchaser of the seat in the condition in which it was sold and is without information or knowledge sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 9 of the Amended Complaint.

10.   Boat Partners denies that the seat was defective and otherwise is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 10 of the Amended Complaint.

## COUNT I

11.   Boat Partners repeats and incorporates by reference herein its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

12.   Boat Partners states that the averments contained in Paragraph 12 of the Amended Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Boat Partners denies the same. Further responding, Boat Partners states that the boat seat met or exceeded all applicable warranties.

13-15.   Boat Partners denies the averments contained in Paragraphs 13 through 15 of the Amended Complaint.

## COUNT II

16.   Boat Partners repeats and incorporates by reference herein its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

17-18. Boat Partners denies the averments contained in Paragraphs 17 through 18 of the Amended Complaint.

## COUNT III

19. Boat Partners repeats and incorporates by reference herein its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

20-22. Boat Partners denies the averments contained in Paragraphs 20 through 22 of the Amended Complaint.

## COUNT IV

23. Boat Partners repeats and incorporates by reference herein its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

24. Boat Partners, formerly known as Carolina, Skiff, Inc., admits that it designed, developed, tested, manufactured, assembled, and sold to distributors boats and related products. Boat Partners denies the remaining averments in Paragraph 24 of the Amended Complaint.

25-26. Boat Partners denies the averments contained in Paragraphs 25 through 26 of the Amended Complaint.

## COUNT V

27. Boat Partners repeats and incorporates by reference herein its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

28-29. Boat Partners denies the averments contained in Paragraphs 28 through 29 of the Amended Complaint.

## COUNT VI

30. Boat Partners repeats and incorporates by reference herein its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

31-33. Boat Partners denies the averments contained in Paragraphs 31 through 33 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim against Boat Partners upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery, in whole or in part, against Boat Partners on a theory of negligence because the alleged losses were proximately caused by the negligence of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Boat Partners because her alleged losses were caused by the intervening, superseding misconduct of persons for whose conduct Boat Partners bears no responsibility.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Boat Partners because the conduct of persons other than Boat Partners was the sole proximate cause of Plaintiff's alleged injuries and damage.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Boat Partners because Plaintiff's alleged damages were caused by the acts or omissions of persons for whose conduct Boat Partners is not responsible.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery to the extent the plaintiff failed to take reasonable steps to mitigate her alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Boat Partners because her alleged damages were caused by misuse of the product.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Boat Partners because the product was not unreasonably dangerous.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Boat Partners because the product was not defective.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Boat Partners on a breach of warranty theory because, if the product was defective (which Boat Partners specifically denies), then the plaintiff was aware of the defect and the risk created by it, nonetheless used the product unreasonably, and by her unreasonable conduct proximately caused the plaintiff's alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Boat Partners because plaintiff failed to provide Boat Partners sufficient information regarding his claim or of any alleged breach of warranty in a timely fashion, and Boat Partners has been prejudiced by that failure.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Boat Partners to the extent the subject product was substantially changed and/or modified after it left the custody or control of the manufacturer.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Boat Partners pursuant to M.G.L. c. 93A to the extent she failed to deliver a legally adequate pre-suit demand for relief.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Boat Partners pursuant to M.G.L. c. 93A to the extent it is based on 940 C.M.R. Section 3.08 because that regulation, as construed by the Supreme Judicial Court, is ultra vires of the Attorney General's authority under M.G.L. c. 93A Section 2.

### FIFTEENTH AFFIRMATIVE DEFENSE

Boat Partners specifically reserves the right to assert additional affirmative defenses as they become known to it.

### JURY DEMAND

Boat Partners demands a trial by jury on all counts so triable.

WHEREFORE, Boat Partners having responded to the Amended Complaint, prays unto the Court as follows:

1. That all claims against Boat Partners be dismissed with prejudice;

2. For recovery of its costs and attorneys' fees, to the extent permitted by law; and

3. For all other relief deemed just and appropriate by this Court.

>BOAT PARTNERS, INC.
>By its attorneys,
>CAMPBELL CAMPBELL EDWARDS & CONROY,
>PROFESSIONAL CORPORATION,
>
>     /s/ Kathleen M. Guilfoyle
>James M. Campbell (BBO# 541882)
>Kathleen M. Guilfoyle (BBO# 546512)
>One Constitution Plaza
>Boston, MA 02129
>(617) 241-3000
>jmcampbell@campbell-trial-lawyers.com
>kguilfoyle@campbell-trial-lawyers.com

DATED:  June 23, 2004