**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| STEPHANIE SIMMONS,  )  <br>     Plaintiff,     )  <br>                       )  <br> vs.                   )  <br>                       )  <br> BOAT PARTNERS, INC.   )  <br>     Defendant.        )  <br>                       ) | CIVIL ACTION NO. <br> 04-CV-11243-WGY |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)**

Stephanie Simmons (the "plaintiff") and Boat Partners, Inc. (the "defendant") (collectively referred to as "the parties"), submit the following Joint Statement pursuant to Local Rule 16.1(D).

I.     AGREED-UPON DISCOVERY PLAN

The parties agree on the following proposed discovery plan:

1.     The parties will serve their Fed. R. Civ. P. 26(a)(1) disclosure on or before September 28, 2004.

2.     Non-expert discovery to be concluded on or before May 1, 2005.  The parties do not anticipate the need to exceed the ten-per-side deposition limit set forth in Local Rule 26.1(c).  If the need arises after discovery is commenced, the parties reserve the right to seek the court's approval to exceed the ten-per-side limit.

3.     Defendant has the right to conduct an IME of the plaintiff, at its expense, on or before September 1, 2005.

4.  Plaintiff must provide the expert disclosure required pursuant to Fed. R. Civ. P. 26(a)(2) on or before June 1, 2005.

5.  Plaintiff shall produce her proposed trial experts for deposition on or before August 1, 2005. In accordance with Fed. R. Civ. P. 26(b)(4), expert witnesses should be produced without need for subpoena.

6.  Defendant must provide the expert disclosure required pursuant to Fed. R. Civ. P. 26(a)(2) on or before July 1, 2005.

7.  Defendant shall produce its proposed trial experts for deposition on or before September 15, 2005. In accordance with Fed. R. Civ. P. 26(b)(4), expert witnesses should be produced without need for subpoena.

II.  DISPUTED PORTIONS OF THE DISCOVERY PLAN

The parties have been unable to agree upon issues surrounding location and related travel expenses of depositions of defendant's employees, and therefore, each of the proposals is set forth below:

A.  Plaintiff's Proposal

1.  Depositions noticed pursuant to Fed. R. Civ. P. 30(b)(6) and depositions of experts shall be taken in or near the locality where the witness resides or works unless both parties and the witness agree or there is a court order otherwise. Any depositions of the defendant's employees will take place at the plaintiff's counsel's office or some other mutually agreeable location.

2.  With respect to expert depositions, the party noticing the deposition shall be responsible for paying the travel expenses and reasonable fees of the expert for time spent at the deposition pursuant to Fed. R. Civ. P. 26(b)(4). The parties shall be responsible for

2

compensating their own experts for all preparation time. However, in the event defendant's expert is an employee of defendant, then plaintiff shall not be responsible for paying such fees and expenses for said expert.

        B.      <u>Defendant's Proposal</u>

1.      Depositions noticed pursuant to Fed. R. Civ. P. 30(b)(6) and depositions of experts shall be taken in or near the locality where the witness resides or works unless both parties and the witness agree or there is a court order otherwise.

2.      With respect to expert depositions, the party noticing the deposition shall be responsible for paying the travel expenses and reasonable fees of the expert for time spent at the deposition pursuant to Fed. R. Civ. P. 26(b)(4). The parties shall be responsible for compensating their own experts for all preparation time.

III.      PROPOSED SCHEDULE FOR THE FILING OF MOTIONS

1.      All motions relating to joinder of parties, claims, and remedies and all motions to amend pleadings shall be filed on or before March 1, 2005.

2.      All dispositive motions, including summary judgment motions pursuant to Fed. R. Civ. P. 56, shall be filed on or before September 30, 2005.

3.      Any documents to be produced that contain trade secret or proprietary information shall be covered by a mutually agreed upon protective order to be executed by both parties and submitted to the Court for endorsement. All other motions pertaining to proposed confidentiality orders and protective orders shall be filed within a reasonable time after issues to which they pertain arise.

4.      The parties anticipate being ready for trial in November 2005.

IV.  ADR AND TRIAL BY MAGISTRATE

The parties have been advised of alternative dispute resolution programs in accordance with Local Rule 16.1(D)(3), and they have attached herewith the required statement pursuant to Local Rule 16.1.

| The Plaintiff, | The Defendant, |
|---|---|
| STEPHANIE SIMMONS**,** | BOAT PARTNERS, INC. |
| By her Attorney, | By its attorneys, |
| Cianciulli and Ouellette | CAMPBELL CAMPBELL EDWARDS & CONROY, PROFESSIONAL CORPORATION, |
| _____/s/ David S. Smith_____ | _____/s/ Julie B. Goldman_____ |
| Stephen M. Ouellette (BBO # 543752) | James M. Campbell (BBO# 541882) |
| David S. Smith (BBO # 634865) | Kathleen M. Guilfoyle (BBO# 546512) |
| Cianciulli and Ouellette | Julie B. Goldman (BBO# 648489) |
| 163 Cabot Street | One Constitution Plaza |
| Beverly, MA  01915 | Boston, MA 02129 |
| (978)922-9933 | (617) 241-3000 |
| maritimeattorney@aol.com | jmcampbell@campbell-trial-lawyers.com |
| | kguilfoyle@campbell-trial-lawyers.com |
| | jgoldman@campbell-trial-lawyers.com |

Dated: September 7, 2004

4