UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **STEPHANIE SIMMONS,**<br>    Plaintiff,<br><br>vs.<br><br>**BOAT PARTNERS, INC.**<br>    Defendant. | )<br>)<br>)<br>)<br>)    CIVIL ACTION NO.<br>)    04-CV-11243-WGY<br>)<br>)<br>) |

### STIPULATED CONFIDENTIALITY ORDER

Pursuant to Fed. R. Civ. P. 26(c), the parties to this Stipulated Confidentiality Order have agreed to the terms of this Order; accordingly, it is hereby ORDERED:

**1.    Scope.**  Any party producing information through discovery, and any third-party subpoenaed to produce information, may designate as confidential any information which the producing party believes in good faith contains confidential, trade secret, proprietary, commercial, financial or technical information, or information the disclosure or discovery of which should only be allowed under specific terms or conditions.  As used in this Order, "documents" shall include not only the original documents, but all information contained in such documents, all copies of such documents, and all summaries of their contents and shall also include other forms of media including, but not limited to, CD-ROMs, photographs, and videotapes.  As used in this Order, "testimony" shall include not only the original transcripts of such testimony, but also the information disclosed in such testimony, all copies of transcripts of such testimony, and all summaries of such transcripts.  This Order is subject to the Local Rules of this District and of the Fed. R. Civ. P. on matters of procedure and calculation of time periods.

2. **Non-Disclosure of Confidential Information.** Except with the prior written consent of the party or subpoenaed third-party that produced it, or as otherwise provided under this Order, information designated CONFIDENTIAL shall not be disclosed to any individual or entity, in any form whatsoever, except to those persons, and for those purposes, provided in ¶ 7, below.

3. **Form and Timing of Designation.** A party may designate documents as CONFIDENTIAL under this Order by placing or affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. The designation of any document may be challenged by any party subject to paragraph 10, below.

  (a) **Previously Disclosed Documents**. Any document produced by any party prior to entry of this Order, shall be treated as if marked CONFIDENTIAL until thirty (30) days after entry of this Order. During this 30-day period, such producing party may designate any such documents as CONFIDENTIAL by providing to all other parties written notice of that designation and a copy of the document appropriately marked. Any documents produced by any party prior to entry of the Order that are not designated as CONFIDENTIAL during the 30-day period shall not be treated as confidential after the expiration of this period.

  (b) **Documents Mistakenly Produced**. Any document mistakenly produced or disclosed by any party without a CONFIDENTIAL designation after the entry of this Order may be subsequently designated by any party as CONFIDENTIAL. In each such case, the designating person shall provide all other parties written notice of that

designation and a copy of the document appropriately marked.  No person shall be liable for publicly disclosing such document if that disclosure occurred prior to receipt of said written notice.

    **4.**    **<u>Documents Which May Be Designated CONFIDENTIAL</u>.**  Any party may designate documents as CONFIDENTIAL if (a) the producing party reasonably believes that such documents contain information that is not generally publicly available, is confidential, proprietary, trade secret information of the producing party, or is confidential, proprietary, and/or trade secret information of a third party; (b) the producing party intends to make sure that such documents are not used by any authorized person for any purpose other than as needed solely in connection with or to assist in the prosecution or defense of the existing claims in this lawsuit; and (c) the producing party intends to make sure that such documents are not used by any authorized person for any business, commercial, competitive, personal, or other purpose.

    **5.**    **<u>Documents Which May Not Be Designated CONFIDENTIAL</u>.**  The restrictions and obligations set forth herein relating to CONFIDENTIAL information shall not apply to any information which (a) is already public knowledge, (b) the disclosing party agrees, or the Court rules, has become public knowledge, other than as a result of disclosure by the receiving party, (c) was already known to the receiving party under conditions such that its use and/or public disclosure by the receiving party would not violate some legal obligation, which knowledge is established by pre-production documentation or upon written notice and agreement between the parties regarding the use of such materials, or (d) has come or shall come into the receiving party's legitimate possession independently of the producing party.  Such restrictions and obligations shall not be deemed to prohibit discussions with any party of CONFIDENTIAL

material if said party already has or obtains legitimate possession thereof, without restrictions which would independently prohibit such discussion.

6. **Depositions.**  Deposition testimony given by the party or the party's present or former employees shall be deemed CONFIDENTIAL only if designated as such.  Any party wishing to designate as CONFIDENTIAL the entirety or any portion of any deposition testimony, or any document introduced or marked as an exhibit during a deposition, may do so on the record at any time during the deposition, or within seven (7) days after receipt of the deposition transcript, by providing written notice of the designation to all parties of record.  Such designation shall be specific (by page and line) as to the portions to be designated CONFIDENTIAL.  Unless the parties agree otherwise, deposition testimony and any documents introduced or marked as an exhibit during a deposition shall be treated as if marked CONFIDENTIAL for seven (7) days after receipt of the deposition transcript.  The party making the designation shall be responsible for ensuring that those portions of the deposition transcript and exhibits designated as CONFIDENTIAL are appropriately marked and sealed by the court reporter.  Thereafter, those portions so designated shall be protected as CONFIDENTIAL pending objection under ¶ 10 of this Order. The failure to serve written notice of the designation shall waive the CONFIDENTIAL designation made on the record of the deposition.

7. **Protection of Confidential Material.**

**(a)** **General Protections.**  Except with the prior written consent of the party or subpoenaed third-party that produced it, or as otherwise provided under this Order, documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 7(b) for any

4

purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b)** **Permissible Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

> **1)** **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;
>
> **2)** **Parties.** Parties and employees of a party to this Order, but only to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.
>
> **3)** **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;
>
> **4)** **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.
>
> **5)** **Consultants and Experts.** Consultants, investigators, or experts employed or retained by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have been provided

a copy of this Order and completed the certification contained in Attachment A, <u>Acknowledgment of Understanding and Agreement to Be Bound</u>; and

**6)** **<u>Others by Consent</u>.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons must be provided a copy of this Order and shall execute the certification contained in Attachment A, <u>Acknowledgment of Understanding and Agreement to Be Bound</u>.

**(c)** **<u>Custody and Safekeeping of Documents</u>.** Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Any document designated as CONFIDENTIAL may continue to be used by the party which owns or authored the document in connection with the owner's or author's business, as it deems necessary. In no event shall a CONFIDENTIAL designation on any document preclude the author or owner of such document from (a) using such documents in the regular course of the owner's or author's business; (b) revoking the CONFIDENTIAL designation on any such document; or (c) disclosing such documents to any witness in this action, or employee or agent for such party. Use or disclosure of a document previously designated as CONFIDENTIAL by the author or owner of such document shall not constitute a waiver of the CONFIDENTIAL designation. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of five (5) years from the date of signing. Certifications need not be disclosed to any other party or counsel during the pendency of this action unless such disclosure is ordered by the

Court. However, originals or copies of such forms and certifications shall be provided upon request to counsel for all other parties promptly after final disposition of the action.

**(d)** **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents. The duplication of confidential information shall be limited to what is reasonably necessary for the conduct of this litigation.

**8.** **Filing of CONFIDENTIAL Documents With the Court.** Documents containing CONFIDENTIAL information may be filed with the Court to the extent reasonably necessary to support motions or other matters relating to the litigation. Before any document marked as CONFIDENTIAL is filed with the Clerk, the party filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure. The filing party shall first consult with the party which originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, a redacted document may be filed with the Court not under seal. Where agreement is not possible or adequate, before a CONFIDENTIAL document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER", displaying the case name,

docket number, a brief description of what the document is, the name of the party in whose behalf it is submitted, and the name of the attorney who has filed the document on the front of the envelope. If the contents of CONFIDENTIAL documents are incorporated into memoranda or other pleadings filed with the Court, counsel shall prepare two versions of the pleadings – a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. If any person fails to file confidential documents or information under seal, the introducing party, or any party claiming confidentiality for the documents or information, may request that the Court place the filing under seal, and the Clerk of the Court shall, without the need for a further Order, place such filing under seal.

      **9.** **No Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

      **10.** **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party or non-party. The following procedure shall apply to any such challenge.

      **(a)** **Objection to Confidentiality.** Within thirty (30) days of the receipt of any document designated CONFIDENTIAL, or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL documents to which objection has been made shall

remain CONFIDENTIAL until designated otherwise by waiver, agreement or order of the Court.

**(b)** **Obligation to Meet and Confer.** The objecting party and the party which designated the documents to which objection has been made shall have seven (7) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**(c)** **Obligation to File Motion.** In the absence of agreement as to any documents designated CONFIDENTIAL, the designating party shall file within fourteen (14) days of the service of the objection a motion to retain the CONFIDENTIAL designation. The moving party has the burden to show good cause for the CONFIDENTIAL designation. Such motion shall be supported by affidavits or other evidentiary materials sufficient to show good cause for protecting the specific items addressed in it and shall be served and filed in accordance with Fed. R. Civ. P. 26(c) and Local Rule 7.1 and 37.1, except that the assertedly confidential documents or testimony need not be filed with the Court unless and until the Court requests that they be so filed. If any party wishes to file copies of such assertedly confidential documents or testimony with the Court, they shall do so pursuant to ¶ 8, above. The failure to file the motion waives the CONFIDENTIAL designation of documents to which the objection was made.

**11.** **Action by the Court.** Applications to the Court for an order relating to documents designated CONFIDENTIAL shall be by motion under Local Rule 7.1. Nothing in

this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of CONFIDENTIAL documents produced in discovery or at trial.

**12.     Use of Confidential Documents or Information at Trial.**  The provisions of this Order shall not apply to restrict the use of confidential information at the trial of this action.  A party which intends to present or which anticipates that another party may present at trial CONFIDENTIAL documents or information derived therefrom shall identify the issue, but not the information, in the pretrial memorandum.  Any party may move the Court for an order that evidence be received at trial *in camera* or under other conditions to prevent unnecessary disclosure.  The Court may thereafter make such orders as are necessary to govern the use of such CONFIDENTIAL documents or information at trial.

**13.     Obligations on Conclusion of Litigation.**

**(a)     Order Remains in Effect.**  Unless otherwise agreed or ordered, the provisions of this Order shall continue after dismissal or entry of final judgment not subject to further appeal.

**(b)     Return of CONFIDENTIAL Documents.**  Within one hundred-twenty (120) days after dismissal or entry of final judgment not subject to further appeal, all documents labeled CONFIDENTIAL and all copies of same (other than exhibits of record) shall be returned to the party which produced such documents or, at the option of the producer, destroyed.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than one hundred-twenty (120) days after final termination of this litigation.  Notwithstanding the above requirements to return or destroy documents, counsel may

retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of CONFIDENTIAL documents.  This work product shall continue to be CONFIDENTIAL under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

**(c)** **Return of Documents Filed With the Court.**  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**14.** **Other Disclosures Required by Law.**  Notwithstanding any of the non-disclosure obligations set forth in this Order, such obligations shall not extend to any information or documents required to be produced for purposes other than this litigation by court order, subpoena issued to a receiving party, a regulatory agency, or otherwise by law.  However, the party required to produce information designated as CONFIDENTIAL under this Order shall notify all other parties promptly in writing of the happening of any one of the following events: (a) a request by anyone to examine, inspect or copy any documents produced pursuant to this Order; and (b) any attempt to serve, or the actual service of, any court order, subpoena, summons or request for production of such documents.  The party required to produce information designated as CONFIDENTIAL under this Order shall also assert a timely objection based on this Order to the requested disclosure.  After receipt of such prompt written notice, the designating party shall within ten (10) days inform the party required to produce the information of the designating party's position with respect to the requested disclosure.  Thereafter, the

designating party shall assume responsibility for preserving and prosecuting any objection to the subpoena, request or process; however, the recipient thereof shall provide reasonable cooperation to the designating party in support of their efforts.  Nothing herein shall be construed to require the recipient party to appeal or seek relief from any court order requiring disclosure of the confidential documents or to subject himself or herself to penalties for noncompliance with any subpoena, request, process or court order.

15. **Modification and Other Relief.**  This Order shall be subject to modification by the Court on its own motion, or on motion of a party or any other person with standing concerning the subject matter.  Motions to modify this Order shall be served and filed under Local Rule 7.1.

16. **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Fed. R. Civ. P., or otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and other persons made subject to this Order by its terms.

IT IS SO ORDERED.

Dated:  _____, 2005                                   _____
                                                        Hon. William G. Young,
                                                        Chief Judge, U.S. District Court

STIPULATED FOR ENTRY BY:

| | |
|---|---|
| The Plaintiff, | The Defendant, |
| STEPHANIE SIMMONS**,** | BOAT PARTNERS, INC. |
| | |
| By her Attorney, | By its attorneys, |
| Cianciulli and Ouellette | CAMPBELL CAMPBELL EDWARDS & CONROY, PROFESSIONAL CORPORATION, |
| | |
| _____/s/ David S. Smith_____ | _____/s/ Julie B. Goldman_____ |
| Stephen M. Ouellette (BBO # 543752) | James M. Campbell (BBO# 541882) |
| David S. Smith (BBO # 634865) | Kathleen M. Guilfoyle (BBO# 546512) |
| Cianciulli and Ouellette | Julie B. Goldman (BBO# 648489) |
| 163 Cabot Street | One Constitution Plaza |
| Beverly, MA  01915 | Boston, MA 02129 |
| (978)922-9933 | (617) 241-3000 |
| maritimeattorney@aol.com | jmcampbell@campbell-trial-lawyers.com |
| | kguilfoyle@campbell-trial-lawyers.com |
| | jgoldman@campbell-trial-lawyers.com |

Dated: April 26, 2005

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

_____
                                      )
**STEPHANIE SIMMONS,**        )
    **Plaintiff,**                  )
                                     )
**vs.**                             )    **CIVIL ACTION NO.**
                                   )    **04-CV-11243-WGY**
**BOAT PARTNERS, INC.**     )
    **Defendant.**               )
_____)

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____, 2005 in the above-captioned matter and attached hereto, understands the terms thereof, and agrees to be bound by and to comply with its terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of Massachusetts for matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned matter, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern, except insofar as is reasonably necessary for purposes of preparation or trial and, even then, only in strict accordance with the disclosure provisions contained in the Confidentiality Order.  The undersigned further agrees to return all documents and deposition transcripts that have been designated CONFIDENTIAL, and all copies and summaries of them, promptly upon request for them.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

 

_____
(Signature)

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____